UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.: 1:22-cr-00097 |
| Plaintiff, | ) ) ) | JUDGE JOHN R. ADAMS |
| v. | ) ) | |
| TRAYQWAN DUNLAP, | ) ) | **MEMORANDUM OF OPINION AND ORDER** |
| Defendant. | ) ) | (Resolving Doc. 78) |

This matter is before the Court on the *Unopposed Motion for Sentence Reduction Under 18 U.S.C. § 3582(c)(2)* (Doc. 78) (the "Motion") filed by Defendant Trayqwan Dunlap ("Dunlap"). The United States of America did not respond.

For the reasons stated below, the Motion is DENIED.

**I.    BACKGROUND**

A federal grand jury charged Dunlap with carjacking in violation of 18 U.S.C. §§ 2119(1) and 2 (Count One) and using or brandishing a firearm during and in relation to a crime of violence in violation of 18 U.S.C. §§ 924(c)(1)(A)(ii) and 2 (Count Two). Doc. 9. Pursuant to a plea agreement, Dunlap pled guilty as to both counts. Doc. 29.

In preparation for sentencing, the United States Pretrial Services and Probation Office prepared the Presentence Investigation Report (the "PSI"). Doc. 50.  The PSI indicated Dunlap had a total offense level of 22 and a criminal history category of IV as to Count One, therefore his advisory guideline range was 63–78 months for that charge, and the minimum term of imprisonment as to Count Two was 84 months. Doc. 50 at p. 17, ¶ 74.  The Court ultimately

1

sentenced Dunlap to a term of 78 months' imprisonment as to Count One, and 84 months' imprisonment as to Count Two, consecutive. Doc. 62.

After Dunlap's sentencing, the United States Sentencing Commission issued Amendment 821. It is undisputed that Dunlap's criminal history points would be lower under the Amendment resulting in a reduced advisory guideline range of 51–63 months as to Count One. Dunlap now seeks retroactive application of Amendment 821 to reduce his sentence to 63 months.

## II.  LAW AND ANALYSIS

### A.  Legal Standard

A defendant who has been sentenced to a term of imprisonment based on a subsequently lowered sentencing range may move the Court to reduce their term of imprisonment. 18 U.S.C. § 3582(c)(2). The lowered sentencing range in this case resulted from Amendment 821, which was made retroactive by 18 U.S.C. Appx. § 825 ("Amendment 825"). The Court must employ a two-step approach to deciding whether to reduce the defendant's sentence pursuant to a retroactive amendment. *United States v. Jones*, 980 F.3d 1098, 1107 (6th Cir. 2020) (quoting *Dillon v. United States*, 560 U.S. 817, 826–27 (2010)).

First, the Court must ensure the defendant is eligible for a sentence modification pursuant to 18 U.S.C. Appx § 1B1.10 (the "Policy Statement"). *Id.* Relevant in this case, the Policy Statement applies to Amendment 821. *See* 18 U.S.C. Appx § 1B1.10, n.7.

If the defendant is eligible, the Court is further instructed to consider the applicable 18 U.S.C. § 3553(a) factors to determine whether a reduction is warranted in light of the particular circumstances of the case. *Jones*, 980 F.3d at 1107. The section 3553(a) factors are: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law,

provide just punishment for the offense, afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, and provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) the applicable sentencing guidelines range; (5) any pertinent policy statement; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense. *See* 18 U.S.C. § 3553(a).

**B. Analysis**

In the Motion, Dunlap asks the Court to reduce his sentence under Amendment 821 based on the assertion that the amendment changes his criminal history points and, as a result, his advisory range is lowered to 51–63 months as to Count One, as opposed to the 63–78 months used at the time of sentencing. Doc. 78 at p. 3. Part A of Amendment 821 created a new U.S.S.G. § 4A1.1(e) that provides:

> [a]dd 1 point if the defendant (1) receives 7 or more points under subsections (a) through (d), and (2) committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status.

At the time of sentencing, Dunlap's total criminal history points were eight (8). Doc. 50 at p. 12, ¶ 41. Six (6) of those points were the result of previous criminal convictions pursuant to U.S.S.G. § 4A1.1(c). Doc. 50 at pp. 7–11, ¶¶ 28–37. Two (2) additional points were added in accordance with the then-current § 4A1.1(d)[1] because the underlying offenses were committed while Dunlap was on parole for state charges. Doc. 50 at p. 12, ¶ 40. Dunlap now argues that the

---

[1] U.S.S.G. § 4A1.1(d) previously provided for "[two] points if the defendant committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status." Amendment 821 removed this language and substituted it with the new subsection (e).

3

new § 4A1.1(e) would apply to adjust his guidelines range because he would not receive any additional criminal history points due to the offenses taking place while he was on parole, therefore his total criminal history points would be six (6) under the new calculation. Doc. 78 at p. 3. The Court finds that Amendment 821 affects Dunlap's criminal history computation and he is thus eligible for consideration of a sentence reduction.

However, upon consideration of the applicable § 3553(a) factors, the Court has determined that a reduction is not warranted in light of the circumstances of Dunlap's case. *See Jones*, 980 F.3d at 1107. This is first due to Dunlap's criminal history. *See* 18 U.S.C. §§ 3553(a)(1). His first arrest happened at 14 years old when he committed domestic violence. Doc. 50 at p. 7, ¶ 28. Dunlap's criminal activity has continued since then, including charges for progressively more dangerous actions such as assault, theft, domestic violence, and robbery. Doc. 50 at pp. 7–11, ¶¶ 28–37. The Court must further consider the need of the sentence to promote respect for the law, afford adequate deterrence, and protect the public from future crimes. *See* 18 U.S.C. § 3553(a)(2). During the underlying offenses, Dunlap used a loaded gun to threaten and intimidate his victim before stealing her vehicle. Doc. 50 at pp. 5–6, ¶¶ 6–9. After detainment and prior to sentencing, Dunlap further exhibited a lack of respect for the law when he assaulted two other detainees on separate occasions. Doc. 50 at pp. 4–5, ¶¶ 5–6. At the time of sentencing, the Court considered these factors and determined that a 78-month sentence as to Count One promoted respect for the law, afforded adequate deterrence, and protected the public. Doc. 62; *See also* 18 U.S.C. § 3553(a)(2).

Given the facts and after consideration of the need for the sentence imposed, the Court finds a reduction to Dunlap's total 162-month sentence is not warranted. The Court's imposition of the sentence as to both counts was sufficient but not greater than necessary, and if sentenced

4

today with a two-point reduction pursuant to Amendment 821, this Court would impose the same sentence.

### III.   CONCLUSION

For the reasons stated above, the *Unopposed Motion for Sentence Reduction Under 18 U.S.C. § 3582(c)(2)* (Doc. 78) is DENIED.

Date:  May 30, 2024                                               */s/ John R. Adams*
                                                                                JOHN R. ADAMS
                                                                                UNITED STATES DISTRICT JUDGE